United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN BRADDEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-397 |
| | § | |
| JOSHUSA B BOYER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Michael Lynn Bradden, a Texas inmate appearing *pro se*, filed this prisoner civil rights complaint on September 19, 2016. (D.E. 1). Pending is Plaintiff's motion to proceed *in forma pauperis* ("*i.f.p.*"). (D.E. 2). The undersigned respectfully recommends the motion be **DENIED** and that this case be **DISMISSED** because Plaintiff is a "three-strikes litigant" as that term is defined in 28 U.S.C. § 1915(g), and he is not "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This matter has been referred to the undersigned magistrate judge for case management, ruling on non-dispositive motions and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

Plaintiff is a Texas inmate, appearing *pro se*, who filed a Prisoner Civil Rights Complaint on September 19, 2016.  (D.E. 1).  On September 28, 2016, a hearing was held before the undersigned magistrate judge on Plaintiff's motion to proceed *in forma pauperis*.  Plaintiff appeared by telephone and testified under oath about the facts of his case.

In March 2016, Plaintiff was an inmate at the McConnell Unit in Beeville, Texas.  He had recently undergone back surgery and was recovering.  Plaintiff had 15 surgical staples in his back as a result of the surgery.  He also required the assistance of a cane or walker and a special prison uniform.  Plaintiff also alleges he was not required to tuck his prison shirt into his pants because of his medical condition. Plaintiff was involved in a verbal altercation with prison personnel about his attire and, as a result, Plaintiff was moved to disciplinary housing.  Plaintiff alleges he was in disciplinary housing for approximately twelve hours without bedding, suitable clothing or his cane or walker.  He further alleges his wound could have become infected and that he could have become ill from being cold and exposed to potential infections.  He further alleges the conditions caused him pain and his surgical wound seeped, although he did not suffer any apparent permanent injuries.  The next day, Plaintiff was taken to the medical department where he was provided with his cane, clothing and appropriate wound care.  Approximately a month and a half after the

incident, Plaintiff was transferred to the Jester III Unit for physical therapy. Plaintiff remains housed at the Jester III Unit.

## III.    APPLICABLE LAW

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

The Court must assess whether Plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation

omitted).   Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius,* 618 F.3d 162, 170 (2nd Cir. 2010) (quoting *Ciarpaglini,* 352 F.3d at 331); *accord Andrews v. Cervantes,* 493 F.3d 1047, 1057 n. 11 (9th Cir. 2007).

## IV.   PLAINTIFF'S PRIOR INMATE LITGATION

Plaintiff has had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  *See Bradden v. Richards,* No. 6:93-cv-170 (E.D. Tex. Oct. 12, 1993)(order of dismissal); *Bradden v. Tex. Board of Pardons and Paroles,*  No. 6:99-cv-163 (E.D. Tex. Aug. 3, 1999)(final judgment); *Braden v. Adams*, No. 6:04-cv-462 (E.D. Tex. Mar. 29, 2005)(final judgment); *Braden v. Adams*, No. 3:06-cv-925 (N.D. Tex. July 27, 2006)(final judgment).    Further, Plaintiff has previously been prohibited from proceeding *in forma pauperis* because he is a three strikes litigant.  *See Bradden v. Ferguson*, No. 6:09-cv-74, 2009 WL 2485536 (E.D. Tex. Aug. 11, 2009)(order of dismissal).

Therefore, Plaintiff is barred from filing this civil suit *i.f.p.* unless he is in imminent danger of physical injury.

## V.     ANALYSIS

Plaintiff alleges that in March 2016, he was placed in disciplinary housing as a result of a verbal altercation with prison personnel.   While in the disciplinary housing Plaintiff alleges he was temporarily without bedding, suitable clothing or his cane. Plaintiff further alleges he experienced pain and suffering as a result of these conditions.   After approximately twelve hours, Plaintiff was taken to the medical department where he received clothing and medical care.   Plaintiff alleges the conditions placed him at risk of becoming sick or of contracting a virus or infection, although Plaintiff does not allege that he suffered from any of these ailments and he does not allege any serious injury.  Further, approximately one and a half months after the incident, Plaintiff was transferred from the McConnell Unit to the Jester III Unit where he is now housed and is receiving physical therapy and other care for his post-operative recovery.

There is no indication Plaintiff is exposed to imminent danger of serious injury. Approximately six months have passed since the March 2016 incident of which Plaintiff complains.   Plaintiff is no longer housed at the McConnell Unit and he testified he is currently receiving medical care.  Further, while Plaintiff complains of being placed at risk of injury in the past, Plaintiff is not currently exposed to an imminent danger of serious injury.  Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege or provide any indication that he is in

imminent danger of physical harm at the time he filed the complaint. Therefore, Plaintiff is not eligible to proceed to *i.f.p.*

## VI.    RECOMMENDATION

The undersigned respectfully recommends Plaintiff's application to proceed *in forma pauperis* (D.E. 2) be denied and this action be dismissed without prejudice.  The undersigned further recommends that the Order of Dismissal include the following language: "Plaintiff may move to reinstate this action within thirty (30) days of the date of the entry of this Order, but only if the appropriate filing fee is paid simultaneously with the motion to reinstate."

The Clerk of Court is instructed to transmit this Memorandum and Recommendation to Plaintiff and to obtain a proof of service card.  The proof of service card shall be entered as an entry on the Court's docket.

Respectfully submitted this 28th day of September, 2016.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).